IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | | |
|---|---|---|
| RAHEEM PETERKIN, | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| vs. | ) | NUMBER: |
| | ) | 1:24-cv-01945-ELR |
| VICTOR HILL, individually, | ) | |
| CORRECTHEALTH | ) | |
| CLAYTON, LLC., | ) | |
| | ) | |
|   Defendants. | ) | |

**<u>RAHEEM PETERKIN AND CORRECTHEALTH CLAYTON, LLC'S
JOINT MOTION FOR A CONSENT CONFIDENTIALITY ORDER</u>**

Plaintiff, Raheem Peterkin and Defendant CorrectHealth Clayton, LLC (hereinafter the "Parties"), jointly move the Court to enter a Consent Confidentiality Order (the "Order") concerning certain confidential documents produced in discovery, including but not limited to records relating to the provision of medical care at the Clayton County Jail and CorrectHealth Policies and Procedures.

The Parties desire an Order to prevent the disclosure or use of confidential records outside of this litigation but to be able to provide for their use consistent with the Court's direction for purposes of the instant litigation, only. The Parties jointly

move that designated confidential documents produced in discovery shall be used by the Parties solely for purposes of the prosecution or defense of this action, including as evidence in this case, and shall not be used by the Parties for personal or other purpose, and shall not be disseminated by the Parties to anyone other than counsel (including such counsel's staff), consulting experts, experts disclosed and retained by the Parties, the Court and its staff, and any mediators assigned by the Court or agreed to by the Parties, unless and until the restrictions herein are removed either by written agreement of counsel for the Parties, or by Order of the Court.

A proposed order granting this motion is attached hereto.

Respectfully submitted this 17 day of October 2024.

| | |
|---|---|
| */s/ Chelsea N. Murphy* | */s/ Zack Greenamyre w/e/p* |
| Thomas Lavender, III | Samantha Jill Funt, Esq. |
| Georgia Bar No. | Zack Greenamyre, Esq. |
| Chelsea Murphy | Mitchell Shapiro Greenamyre & |
| Georgia Bar No. 919109 | Funt LLP |
| LAVENDER HOFFMAN EMERY | 881 Piedmont Ave |
| 750 Hammond Drive, Suite 200 | Atlanta, GA 30309 |
| Atlanta, Georgia 30328 | sam@mitchellshapiro.com |
| (404) 400-4500 | zack@mitchellshapiro.com |
| tlavender@lhefirm.com | |
| cmurphy@lhefirm.com | *Attorneys for Plaintiff* |
| *Counsel for CorrectHealth Defendants* | |

## **CERTIFICATE OF COMPLIANCE**

Pursuant to N.D. Ga. Local Civil Rule 7.1(D), I hereby certify that the foregoing has been prepared in compliance with N.D. Ga. Local Civil Rule 5.1(C) in Times New Roman 14-point typeface.

This 17 day of October 2024.

# CERTIFICATE OF SERVICE

This will certify that the undersigned has this day served a true and correct copy of the foregoing upon all counsel of record via Statutory Electronic Service as follows:

Samantha Jill Funt, Esq.
Zack Greenamyre, Esq.
Mitchell Shapiro Greenamyre &
Funt LLP
881 Piedmont Ave
Atlanta, GA 30309
sam@mitchellshapiro.com
zack@mitchellshapiro.com

*Attorneys for Plaintiff*

Karen Eleice Woodward, Esq.
Cruser, Mitchell, Novitz, Sanchez,
Gaston & Zimet, LLP
275 Scientific Dr.
Suite 2000
Peachtree Corners, GA 30092
kwoodward@cmlawfirm.com

*Attorney for Defendant Victor Hill*

This the 17 day of October 2024.

/s/ *Thomas E. Lavender III*
Thomas E. Lavender III
Georgia Bar No. 439389
Chelsea N. Murphy
Georgia Bar No. 919109
*Attorneys for CorrectHealth Clayton, LLC.*

LAVENDER HOFFMAN EMERY, LLC
750 Hammond Drive
Building 2, Suite 200
Atlanta, GA 30328
(404) 400-4500 (phone and fax)
tlavender@lhefirm.com
cmurphy@lhefirm.com

IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

RAHEEM PETERKIN,                    )
                                    )
    Plaintiff,                      )
                                    )  CIVIL ACTION FILE
vs.                                 )  NUMBER:
                                    )  1:24-cv-01945-ELR
VICTOR HILL, individually,          )
CORRECTHEALTH                       )
CLAYTON, LLC.,                      )
                                    )
    Defendants.                     )

**PROPOSED CONSENT CONFIDENTIALITY ORDER**

The parties agree that during the course of investigation and any future litigation, it may be necessary to disclose certain confidential information. They agree that certain categories of such information should be treated as confidential, protected from disclosure outside this investigation and any future litigation, and used only for purposes of investigating, prosecuting or defending this potential action and any appeals.  The parties jointly agree to limit the public disclosure, dissemination, and use of "Confidential Information" as follows:

1.      "Confidential Information" may include medical records and other Protected Health Information ("PHI") as defined by HIPAA, proprietary or nonpublic commercial information including policies and procedures, internal business or corporate processes, contracts, proposals, personnel records and information, non-public submissions and communications with governmental agencies, licensing, distribution, marketing and financial data, and other commercially and/or competitively sensitive information that could provide an unfair advantage to competitors or that was received or created on a confidential basis.

2.      "Confidential Information" will be designated in writing by either marking the actual documents (in a manner that does not interfere with legibility), marking the cover page for the documents, or by letter or e-mail clearly identifying the documents as confidential, such as identifying the specific category of documents that are confidential or identifying the Bates-stamp numbers of confidential documents. Inadvertent failure to designate a document as "Confidential" may be corrected by supplemental written notice given as soon as practical. Any "Confidential Information" designation may only be made on a good faith basis to believe that the materials are properly protectable as outlined herein or as applicable by law.

3.      In the event that a party receiving material designated as Confidential disagrees with such designation, that party shall serve a written notice of objection on the party designating the material. The parties shall then attempt in good faith to resolve the dispute. If the parties are unable to come to a resolution within thirty (30) days of the parties' good faith attempt to resolve the dispute, the party requesting protection of the material shall file a motion for protective order with the Court. Any such material shall be treated as Confidential until such time as the Court enters an order.

4.      Confidential information shall not be used outside of the litigation except where permitted by agreement of the Parties or Order of any court. Attorneys of record in this litigation are permitted to share the information with their clients, employees who are working on the instant investigation, litigation, such as a paralegal or secretary, and with experts retained by the attorneys to render expert opinions in the instant matter. Confidential information may be used at trial or during the examination of witnesses at depositions.  Depositions or portions thereof upon oral or written questions may be classified as Confidential either by an examining party's attorney or by an attorney defending or attending the deposition. A party claiming that a deposition or any portion thereof is Confidential shall give notice of such claim to the other affected parties and persons either prior to or during the deposition, and the testimony taken and the transcript of such deposition or portion thereof shall be designated as Confidential. The parties agree to take reasonable efforts to prevent unauthorized or inadvertent disclosure of all documents and information designated as confidential.

5.      In the event a party seeks to file with the Court any document containing confidential information, that party agrees to take appropriate action to insure that

the document receives proper protection from public disclosure including: (a) filing a redacted document with the consent of the party who designated the document as confidential; (b) where appropriate (e.g., in relation to discovery and evidentiary motions), submitting the document solely for *in camera* review; and/or (c) filing the document under seal in accordance with the court's local rules.

6    "Confidential" documents will be used only in the instant matter. Within sixty (60) days after this investigation or litigation concludes by settlement, final judgment, or final order, including all appeals, all documents designated as Confidential, including copies of such documents, will be either destroyed or returned to the party who produced the document (unless the document has been offered into evidence or filed without restriction as to disclosure).

7.    Neither this Confidentiality Agreement, nor the production of any information under its terms, shall be deemed to have the effect of any admissions or waiver by any party of any protection or privilege available as to that information.  All objections with respect to admissibility, relevance, materiality of any information are specifically reserved.

**SO ORDERED**, this _____ day of _____, 2024.


_____
The Honorable Eleanor L.Ross
United States District Judge
Northern District of Georgia


Submitted By:

 */s/ Chelsea Murphy_____*
Thomas E. Lavender II
Chelsea N. Murphy
Georgia Bar No. 919109
945 East Paces Ferry Road NE, Suite 2000
Atlanta, Georgia 30326
*Counsel for CorrectHealth Defendants*

Consented to By:

*/s/ Zack Greenamyre w/e/p*
Samantha Jill Funt, Esq.
Zack Greenamyre, Esq.
Mitchell Shapiro Greenamyre & Funt LLP
881 Piedmont Ave
Atlanta, GA 30309
sam@mitchellshapiro.com
zack@mitchellshapiro.com

*Attorneys for Plaintiff*