# EXHIBIT
# 1

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| RAHEEM PETERKIN, | |
| Plaintiff, | Civil Action No.: |
| v. | |
| VICTOR HILL, individually, CORRECTHEALTH CLAYTON, LLC, | 1:24-cv-01945-ELR |
| Defendants. | |

**PLAINTIFF'S RESPONSE TO CORRECTHEALTH CLAYTON, LLC'S**
**FIRST REQUESTS TO PLAINTIFF**

Plaintiff Raheem Peterkin responds to CorrectHealth Clayton, LLC's

first requests to Plaintiff as follows:

**PRELIMINARY STATEMENT**

These responses to CorrectHealth Clayton, LLC's Interrogatories to

Plaintiff were prepared with the assistance of counsel.  Subject to inadvertent

or undiscovered errors the responses are based on and necessarily limited by

the records and information in existence, presently recollected, and/or thus far

discovered in the course of the preparation of these answers.  Consequently,

Plaintiff reserves the right to revise or supplement her responses if it appears

at any time that omissions or errors have been made therein or that more

complete or accurate information is available.  The word usage and sentence

structure may be that of the person assisting in the preparation of the answers and does not necessarily purport to be the precise language of Plaintiff. Subject to the limitations set forth herein these responses are true and correct to the best of Plaintiff's knowledge, information, and belief.

## REQUESTS FOR PRODUCTION

1.

All documents referred to in your responses to Defendant's Interrogatories.

**RESPONSE: Plaintiff will produce requested materials in his possession.**

2.

All documents used or consulted in responding to Defendant's interrogatories, whether specifically identified or not.

**RESPONSE: Plaintiff will produce requested materials in his possession.**

3.

All documents or physical records regarding Plaintiff's care you consider to be evidence of any Defendant's alleged negligence.

**RESPONSE: Plaintiff will produce requested materials in his possession, but the majority of such records are in Defendants' possession.**

4.

The response you received to any Open Records Act request, Non-Party request, or subpoena for documents, whether made during or prior to the filing of this lawsuit.

**RESPONSE: Plaintiff will produce requested materials in his possession.**

5.

A resume or curriculum vitae of each expert witness you intend to call at the trial of this case.

**RESPONSE: Plaintiff has previously produced this information for expert witness Johnnie Lambert as part of her Rule 26 disclosure.**

6.

All correspondence between you and each expert witness you intend to call at the trial of this case, which describes or refers in any way to the facts of the case, the materials provided for his or her review, the review or analysis he or she was requested to perform, or the fee to be paid.

**RESPONSE: Plaintiff objects under work product privilege to the extent that this request seeks confidential attorney work product materials. Rule 26(b)(3)&(4). Plaintiffs do not otherwise possess any non-confidential communication.**

7.

All reports, correspondence, notes or other writings produced or signed by each expert witness you intend to testify at the trial of this case.

**RESPONSE: Plaintiff has previously produced this information for expert witness Johnnie Lambert as part of her Rule 26 disclosure.**

8.

All documents which you contend are evidence of each injury, illness, condition, inability to function or other problem which you contend was caused by the negligence or deliberate indifference you allege in the medical care rendered by any and/or all of the Defendants.

**RESPONSE: Plaintiff will produce requested materials in his possession, but many such records are in Defendants' possession. Further, Plaintiff will obtain and produce responsive records from his treaters.**

9.

All documents which you contend are evidence of the general damages you seek in this case.

**RESPONSE: Plaintiff will produce requested materials in his possession, but many such records are in Defendants' possession. Further, Plaintiff will obtain and produce responsive records from his treaters.**

10.

All documents which you contend are evidence of the special damages you seek in this case, including past, present, and future special damages.

**RESPONSE: Plaintiff will obtain and produce responsive records from his treaters.**

11.

All correspondence, reports, office notes, explanation of benefits forms, or other records of full or partial payment of any loss, cost, or expense for which you seek recovery in this lawsuit.

**RESPONSE: Plaintiff will obtain and produce responsive records from his treaters.**

12.

All correspondence or other documents reflecting or relating to any refusal or denial of life, accident, hospitalization or medical insurance or issuance of any such insurance under any type of special rating, limitation or exclusion, because of physical disability or otherwise pertaining to Plaintiff's decedent.

**RESPONSE: None.**

13.

All income tax returns filed by you or on your behalf for each of the past five years.

**RESPONSE: Plaintiff objects to this request because this information is not relevant to any party's claim or defense. Plaintiff makes no claim for lost wages. Moreover, federal courts have held that production of a tax return should not be ordered without compelling need.**

14.

All written or recorded statements in your possession concerning any fact or issue in this case, whether or not the statements were originally obtained by you.

**RESPONSE: Plaintiff objects to the overly broad nature of this request. Plaintiff objects under work product privilege to the extent that this request seeks confidential attorney work product. Plaintiff will produce non-privileged information.**

15.

All treatises, books, standards, periodicals, publications, textbooks, journal articles, or other documents which you contend support the allegations made by you against the Defendants.

**RESPONSE: None, other than those materials identified by Ms. Lambert.**

16.

All emails, letters, text messages, transcripts, or other documents recording or reflecting your communication with any person while you were incarcerated.

**RESPONSE: Plaintiff objects to the overly broad nature of this request.**

18.

All emails, letters, text messages, or other communications and documents reflecting exchanges between you and other persons (not to include Plaintiffs' attorneys) relating to the allegations or issues in this lawsuit.

**RESPONSE: None in Plaintiff's possession.**

19.

All diaries, journals, notes, correspondence or other documents prepared by you reflecting or containing observations or recollections relating to any fact or issue in this lawsuit.

**RESPONSE: Plaintiff objects under attorney work product privilege. No non-privileged information exists.**

20.

All photographs, drawings, pictures, movies, radiological film, videotapes or other illustrative material depicting any person, thing, or occurrence relevant to any issue in this lawsuit, either directly or indirectly.

**RESPONSE: None other than the materials referenced by Ms. Lambert.**

21.

All bankruptcy filings by you in the last five (5) years, including but not limited to all lists of bankruptcy estate assets.

**RESPONSE: None. Plaintiff also objects based on relevance of requested information—nothing related to Plaintiffs finances are relevant to any claim or defense.**

22.

All prescriptions, containers, labels, receipts, pharmacy records, or other records relating to the medications and drugs taken and/or prescribed to Plaintiff's decedent in the twelve months preceding the medical care giving rise to this lawsuit.

**RESPONSE: None, no decedent.**

## INTERROGATORIES

1. Responding individuals.

Please identify all persons who supplied information or otherwise participated in the answering of these interrogatories.

**RESPONSE: Plaintiff and counsel.**

2. Personal Information.

Please state your full name, your present address, your date and place of birth, and your social security number.

**RESPONSE:**
**Raheem Peterkin,**
**221 Misty Ridge Trail, Stockbridge, GA 30281,**
**d/o/b/ 12/26//80**
**Place of Birth: Baltimore, MD**

3. Other names.

If you ever have been known by any other name other than that given above, please list each such name and identity and where and when it was used.

**RESPONSE: None.**

4. Marital history.

If you presently are married or ever have been married, please identify for each marriage the full names of your spouse or former spouse, the date and place of marriage, the full name, date of birth and present address of

each child of that marriage, and, if terminated, the date and circumstances of termination, the county and state of any divorce, and the present whereabouts of any living former spouse.

**RESPONSE:**

**Natasha Lee Peterkin, married 2006 in Maryland, divorced in 2011; Children with Natasha: Raheem Peterkin Jr.**

**Mshwan McKennon, married 2001 in Maryland, divorced in 2001, irreconcilable differences; children w/ Mshwan: Jahvon Bagley.**

5. Children.

If you are or ever have been the parent of any child, whether legitimate, illegitimate, adopted, now living or deceased, please state the full name, date of birth, BIOLOGICAL FATHER/MOTHER and present address (if living) of each such child. As to any such child now deceased, please also indicate the date and county of his or her death and cause thereof.

**RESPONSE: See above. In addition, Kalaya Peterkin.**

6. Educational background.

Please describe your educational background, including the name and locale of all schools and trade or professional institutions attended, the dates of your attendance at each, and any degrees, certificates or licenses awarded.

**RESPONSE:**

**Southwestern High School, Baltimore MD (1994-1998, graduated);**

**Community College Baltimore County (CCBC) (2005-2009) (Bachelors**

Business Management & Marketing); Baltimore City Community College (BCCC) (2006-2007) (certificate in horticulture).

7. Employment history.

As to each and every part-time or full-time job or position held by you in the nature of gainful employment over the past ten years, please provide the name and address of your employer, the dates of commencement and termination of employment, your title and duties, a brief description of the job, the name of your immediate supervisor and the rate of compensation paid.

**RESPONSE: Plaintiff objects as overbroad as he is not seeking lost wages. Subject to and without waiving any objections:**

**CJ Logistics, 220 Greenwood Ct, McDonough, GA 30253 (February 2024-Present) Warehouse Supervisor, manage warehouse team and ensure product delivery; name of supervisor: Ken Hurts; rate of compensation: $81,000 yearly**

**A1 Quality Solutions, 3055 Blue Rock Rd, Cincinatti OH (2020-Febraury 2024); East Coast Manager, managed 41 warehouses in ten different states; name of supervisor: Al Braff; rate of compensation: $105,000 yearly**

8. Residence history.

Please list in chronological order every place of residence you have occupied during the ten years preceding the filing of this lawsuit, *including jails, prisons, group homes, or other in-patient facilities*, providing as to each the full address, your dates of occupancy, and the name and relationship to you of all individuals who lived with you at said address.

**RESPONSE:**
**Address: 221 Misty Ridge Trl, Stockbridge, GA 30281**
**Duration: (2020-Present)**
**Roommates: Jermaine Moses (friend) (2020-Present)**

**Clayton County Jail**
**Duration: December 28, 2019-October 2020**

**Address: Tara Wood Apt Complex, Tara Blvd. Jonesboro, GA**
**Duration: December 2018-December 2019**
**Roommates: Lavelle Austin (girlfriend) (entire duration)**

**Address: 1712 Pleasant Dr. Jonesboro, GA 30238**
**Duration: April 2015-December 2018**
**Roommates: Lavelle Austin (girlfriend) (entire duration)**

**Address: 225 Holly Smith Dr., McDonough GA 30253**
**Duration: November 2012-April 2015**
**Roommates: Lavelle Austin (girlfriend) (entire duration)**

9. Relatives in jurisdiction.

As to each of your relatives by blood or marriage now residing in the county in which this lawsuit is pending, please state his or her name, age, present address, place of employment and relationship to you.

**RESPONSE: None.**

10. Memberships and affiliations.

Please identify all churches, civic organizations, clubs, fraternities, fraternal orders, and other similar groups or organizations to which you have belonged or with which you have been associated in any capacity during the past ten years, providing as to each the address of the organization and the dates of your membership or other affiliation.

**RESPONSE:**

**Mashjid Al Farooq; 442 14th St NW Atlanta, GA 30318 (attends regularly) (2012-present)**

11. Arrests and criminal convictions, etc.

Please identify each time you have ever been arrested, the city and county where the arrest occurred, and the charges. For each time you ever pled guilty, *nolo contendere*, or were found guilty, please identify the nature of the offense, the date of the offense, the jurisdiction in which you was prosecuted, and the sentence given or other disposition made in the case.

RESPONSE: Plaintiff objects as this is not relevant to any issue in this case. Plaintiff further objects based on this being a matter of public record.

Date of Incident: December 28, 2019

Charges: Aggravated Assault; Felon in Possession Firearm; Terroristic Threats

Location: Jonesboro GA, Clayton County, GA.

Disposition: Plead Guilty to Simple Possession of Firearm

Sentence: time served + 10 years-probation

Date of Incident: 2014

Charges: Simple Battery

Location: Henry County, GA.

Disposition: Plead Guilty to Reduced Charge

Sentence: 1 year probation

Date of Incident: 2011

Charges: Aggravated Assault

Location: Baltimore MD,

Disposition: Dismissed

Date of Incident: 2003

Charges: Violation of Probation

Location: Baltimore, MD

**Sentence: 1 year in custody and 3 years' probation**

**Date of Incident: 2001**

**Charges: Possession of Controlled Substance**

**Location: Baltimore, MD.**

**Disposition: Pled Guilty**

**Sentence: 3 year's probation**

12. Places of incarceration.

Please identify each institution, including jails, state mental hospitals, prisons, work camps, etc., where you have been confined within the past 10 years.

**RESPONSE:**

**December 28, 2019-October 2020 (Clayton County Jail)**

13. Other claims or lawsuits.

Other than claims made in this civil action, if you ever have made a claim or filed a lawsuit for personal injury, worker's compensation, hospitalization, medical expenses or disability, please describe fully and indicate as to each: the date, place and a brief description of the occurrence giving rise to the claim; the name of the individual or entity against whom the claim was asserted or suit was brought; a brief description of the injuries received; and the county, style and identifying numerical designation of any lawsuit or compensation claim actually filed.

**RESPONSE:**

**Date of Lawsuit Filing: November 2023**

**Type of Claim: Worker's Compensation**

**Description: Injured at work when leg was caught between pallets**

**Site of Injury: PVH McDonough Ga (Warehouse)**

**Defendant: Cannot recall**

**Jurisdiction: Fulton County**

**Status: pending**

14. Prior hospitalizations, medical providers, etc.

Please identify each hospital, clinic, public health department, facility, institution, rehabilitation or detoxification center, or any other place, physician, chiropractor, mental health provider, or other medical provider that treated, examined, or prescribed medication for you, whether as an inpatient, outpatient, emergency room, office visit or otherwise during the ten years immediately preceding the care giving rise to your Complaint. Please provide as to each institution and/or provider, the date(s) of treatment, the condition or conditions for which you were treated, and the name and present address of each medical provider who treated Plaintiff's decedent there.

**RESPONSE:**

**There is no decedent in this case.**
**Plaintiff's History of Medical Providers:**

**Kaiser Permanente (Primary Care Physician) (November 2023-Present)**

**Blue Cross/Blue Shield (Grady Hospital) (Primary Care Physician) (November 2013-November 2023)**

15. Medical Providers for alleged injuries

Please identify each hospital, clinic, public health department, psychiatric facility, mental health institution, other facility, physician, chiropractor, psychologist or other practitioner of the healing arts that treated you, examined you, prescribed medication for you, or otherwise provided medical care to you, whether as an inpatient, outpatient, emergency room, office visit or otherwise, for injuries and/or illnesses you claim to have suffered as a result of the incident giving rise to your Complaint, providing as to each such institution and/or provider, the date(s) of treatment, the condition or conditions for which you were treated, and the name and present address of each physician, chiropractor, psychologist or other practitioner of the healing arts treating you there.

**RESPONSE:**
**Lifestance Health**
**Date of Treatment: June 5, 2024—Present.**
**Duration of Treatment: Initially appointments twice per week, later reduced to every other week.**
**Reason for Treatment: PTSD resulting from restraint chair in Clayton County Jail**

**Clayton County Jail Medical Facility**

**Date of Treatment: December 28, 2019**

**Reason for Treatment: Assessed wrist lacerations caused by handcuffs and restraint chair; treated blood pressure issues resulting from restraint in chair.**

16. Specific prior injuries, illnesses, etc.

Before the medical care giving rise to this lawsuit, if you ever experienced any injury, illness or other condition involving or affecting the function of those parts of your body you alleged were injured as a result of the medical care giving rise to your Complaint, please fully describe each such injury, illness or other condition and identify in reasonable detail the nature, extent, cause and date thereof.

**RESPONSE:**

**Before this incident, Plaintiff had never experienced mental health issues. In addition, Plaintiff had no injuries to his wrist and/or shoulder.**

17. Prior injuries, illnesses, etc. in general.

If you experienced a significant injury, illness or other condition in the ten years before the care giving rise to this lawsuit, which was not described in your response to the preceding Interrogatory, please fully describe each such injury, illness or other condition and identify in reasonable detail the nature, extent, cause and date thereof, as well as the medical providers

and/or medical facilities rendering treatment for all such conditions identified.

**RESPONSE: None with any nexus to the injuries asserted in Plaintiff's complaint.**

18. Physical examinations, etc.

If in the past ten years you have undergone any type of physical examination or assessment or supplied information concerning your health or physical condition in any setting not described elsewhere in your responses to these interrogatories, whether in connection with or to qualify or apply for employment, military or government service, insurance coverage, in jail or prison, or otherwise, please specify as to each such occasion the date thereof, the name and address of the clinic, hospital, physician or other practitioner of a healing art who performed said examination or assessment or at which said examination or assessment was performed, and the name and address of the individual or entity to whom or at whose request the information was provided.

**RESPONSE:**
**Name of Provider: Kaiser Permanente**
**Date of Treatment: (November 2023-Present)**
**Reason for Treatment: Regular physicals and check-ups.**

**Name of Treatment Setting: Clayton County Jail Medical**
**Date of Treatment: December 28, 2019—October 2020**

**Reason for Treatment: Monitored blood pressure levels resulting from restraint chair. Also performed dental surgery (removed three teeth)**

20. Refusal of insurance, etc.

Please state whether you ever were refused or denied life, accident, hospitalization or medical insurance or had such insurance issued under any type of special rating, limitation or exclusion, because of physical disability or otherwise, indicating as to each refusal, denial, limitation, rating or exclusion the name and address of the insurance company, the date, and the reasons therefore.

**RESPONSE: None.**

20. Medications and drugs.

Please identify all medications and drugs, whether prescription or non-prescription, legal or illegal, borrowed from others or prescribed, which you used or consumed during the twelve months preceding the medical care giving rise to this lawsuit, stating as to each the approximate dates, times, amounts and frequency at which it was taken, the reason for its use, the place where it was purchased or obtained, and the name of any prescribing physician.

**RESPONSE:**
**Name of Medication: Metoprolol**
**Reason for Medication: Irregular Blood Pressure**
**Dates Prescribed: 2008-present**

**Prescriber: Blue Cross/Blue Shield (doctor unknown) (prescribed by BCBS from 2008-2023)**
**Kaiser Permanente Health (doctor unknown) (prescribed by Kaiser from 2023-present)**

20. Contentions as to negligence.

Please describe in reasonable detail each and every act or omission which you contend constitutes negligence, specifying for each separate Defendant the acts and/or omissions you contend was committed by each Defendant, indicating as to each in reasonable detail what you contend should have been done instead.

**RESPONSE: Please see complaint, expert disclosure, and Victor Hill criminal trial transcript.**

21. Witnesses to alleged acts/omissions.

As to each and every allegation of negligence against the Defendants, whether made in your Complaint, in the attached or subsequently filed expert affidavit, or in your response to the preceding Interrogatory, please identify by name and address all persons known to you who have or claim to have knowledge, information or an opinion in any way relevant to or regarding that act(s) or omission(s).

**RESPONSE: Lavelle Austin, 1908 Custer Ave, Atlanta, GA**

22. Documents.

If you contend that any document or physical record regarding Plaintiff's medical care is evidence of any Defendant's alleged negligence, please identify the generator or author of the specific record, the current custodian of the record, and the date and time of each entry which you contend supports your allegations.

**RESPONSE:**
**Plaintiff contends that several documents are evidence of the Defendant's negligence including, but not limited to: Plaintiff's medical records from Clayton County Jail from December 28, 2019; Clayton County Jail log sheet for monitoring Plaintiff from December 28, 2019; documents related to the standard of care for monitoring an individual restrained in restraint chair; documents related to the protocols and procedures for securing an individual in a restraint chair.**

23. Claims as to acts or omissions of others.

If you contend that any Defendant is responsible for the acts or omissions of any other individual involved in Plaintiff's medical care, please identify each such individual and specify the factual basis for that contention. If any Defendant or anyone on behalf of any Defendant has made to you or in your presence, or to your knowledge has ever made to or in the presence of some other person, any statement that you contend was an admission of fault, negligence, or responsibility for damages you claim in this lawsuit, or that you contend could be construed in any way to support the allegations of

your Complaint, please indicate in reasonable detail as to each such statement: when and where it was made, what was said, and who was present.

**RESPONSE:**

**Plaintiff contends that CorrectHealth medical staff employed at Clayton County Jail on December 28, 2019 are legally responsible for his injuries. Defendant is liable to Plaintiff under respondeat superior.**

24. Admissions.

If any Defendant or anyone on behalf of any Defendant has made to you or in your presence, or to your knowledge has ever made to or in the presence of some other person, any statement that you contend was an admission of fault, negligence, or responsibility for damages you claim in this lawsuit, or that you contend could be construed in any way to support the allegations of your Complaint, please indicate in reasonable detail as to each such statement: when and where it was made, what was said, and who was present.

**RESPONSE:**

**At one point, Plaintiff said that he could not feel his hands or arms. A person, believed to be Dr. Clopton, responded, "Shut up, you are not going to die." The doctor then took Plaintiff's blood pressure and said, "He's at stroke level. Get him out of here." Later, the doctor**

**apologized to Plaintiff and said, "my bad."  A CorrectHealth nurse and an officer believed to be Sgt. Jackson may have been present.**

25. Statements by others.

If any doctor, nurse or other individual (with or without medical training) has ever expressed to you or in your presence, or to your knowledge has ever expressed to or in the presence of some other person, any opinion that any Defendant was negligent, acted inappropriately, or was otherwise at fault in the medical care giving rise to this lawsuit, or that you contend could be construed in any way to support the allegations of your Complaint, please indicate in reasonable detail as to each such statement: when and where it was made, what was said, and who was present.

**RESPONSE: The jury rendered a guilty verdict after a trial.**

26. Expert witness.

Please identify each person you expect to call as an expert witness at trial, including any of Plaintiff's treating physicians from whom you may elicit standard of care or causation testimony at trial, stating as to each: the subject matter on which the expert is expected to testify; the substance of the facts and opinions to which the expert is expected to testify; a summary of the grounds for each opinion; the date of retention or employment; a list of all materials provided to him or her in connection with said retention or employment; and if a curriculum vitae or resume of the expert is unavailable, please also provide his or her office address, medical specialty, and a

summary of the background, credentials and experience relevant to his or her expertise on the subject matter of this lawsuit.

**RESPONSE: See expert disclosure.**

27. Experts not expected to testify.

Please identify each expert retained or specially employed by you or on your behalf in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at trial, indicating as to each such person his or her medical specialty, the date of retention or employment, and a list of all materials provided to him or her in connection with said retention or employment.

**RESPONSE: None.**

28. Contentions as to damages.

Please describe in reasonable detail each and every injury, illness, condition, inability to function, or other problem which you contend was caused by the negligence you allege in the medical care rendered by the Defendants, as well as the duration each such persisted.

**RESPONSE:**
**Condition: Post-Traumatic Stress Disorder (PTSD):**
**Duration: December 28, 2019-Present Day**
**Description: Plaintiff has difficulty sleeping, anxiety, and anhedonia. Plaintiff's mental illness prevents him from performing some activities. Plaintiff has become more reclusive. This mental**

condition has also impaired his relationship with his girlfriend and other family members.

**Condition: Wrist Injuries**

**Duration: December 28, 2019-Present Day**

**Description: Plaintiff has physical pain. This limits his physical activity like riding his dirt bike or performing yard work.**

**Condition: Shoulder injury**

**Duration: December 28, 2019—January 2021**

**Description: Plaintiff suffered shoulder injury from improper restraint in chair and lack of monitoring. This injury caused significant physical pain and limited Plaintiff's physical function.**

**Condition: Acute Cardiac Episode**

**Duration: December 28, 2019—January 10, 2020**

**Description: Plaintiff suffered a cardiac episode including severe drop in blood pressure from his restrain in the chair. Plaintiff thought this episode would kill him. He experienced physical pain for nearly two weeks after the incident.**

29. Current conditions.

If you are presently suffering as a result of the treatment you allege in your Complaint, please describe in what way and to what extent.

**RESPONSE:**

**See above.**

30. Special damages

Please itemize by dollar amount and separately describe each and every element of damages and economic or monetary loss which you claim to have experienced or which you contend you will suffer in the future as a result of the medical care giving rise to your Complaint, including but not limited to: hospital bills; other medical expenses, including doctors' fees; costs of drugs and medication; lost earnings or wages (specify the relevant dates and rate of pay); and any other monetary losses or expenses for which you seek recovery.

**RESPONSE:**
**Treatment for PTSD**
**Description: Plaintiff will produce billing records.**

31. Income tax returns.

If you seek to recover lost income as an item of damage in this lawsuit, please state whether you filed federal or state income tax returns for each of the past five years, whether the returns were individual or joint, and provide the name and present address of all persons having possession, custody or control of copies of the returns.

**RESPONSE:**
**Plaintiff objects to this request. Plaintiff makes no claim for lost wages, so this request is not relevant. Moreover, federal courts disfavor requests for tax return information.**

32. Insurance benefits and other reimbursement.

If any of the losses, costs or expenses for which you seek recovery in this lawsuit were reimbursed or otherwise covered in whole or in part by any form of insurance, governmental benefits or other health care or insurance plan, please indicate as to each the name and address of the insurer, the group plan number, the policy number, the Medicaid and/or Medicare number, and the amount and type of coverage involved.

**RESPONSE: Plaintiff objects that collateral source information is not relevant.**

33. Witnesses.

Please state the name, present address and telephone number of all persons not identified elsewhere in the answers to these Interrogatories who are known or believed by you to have any knowledge or information which is relevant, directly or indirectly, to the claims asserted in your Complaint.

**RESPONSE:**

**Plaintiff has identified people with information related to these claims in responses 24, 40, and 42.**

34. Written or recorded statements.

If you or any representative of yours has obtained or is aware of any written or recorded statement concerning any fact or issue in this case, as to each such statement please state: the name, address and telephone number

of the person who gave the statement; whether the statement was written, recorded or stenographically preserved; the date and place the statement was made; the name address and telephone number of each person present when the statement was made; and the name and address of each person who has possession, custody or control of the original or any reproduction thereof.

**RESPONSE: Please see produced documents.**

35. Diaries, journals, notes, etc.

If to your knowledge, information or belief there exist any journal, notes, correspondence or other similar document reflecting or containing observations or recollections relating to any fact or issue in this lawsuit, which document is not fully identified elsewhere in your responses to these interrogatories, please identify as to each: the author, the type of document, when it was prepared, and the name and address of each person who presently has possession, custody or control of the original or any reproduction thereof.

**RESPONSE:**
**Plaintiff sent emails to Lavelle Austin during his confinement in Clayton County Jail that provide reflections and observations on facts or issues related to this lawsuit.**

36. Pictorial representations, etc.

If to your knowledge, information or belief there exists any photograph, drawing, picture, videotape, movie, radiological film, or other illustrative

material depicting any person, thing or occurrence relevant to any issue in this lawsuit, directly or indirectly, which is not already identified elsewhere in your responses to these Interrogatories, please identify as to each the date it was made, by whom it was made, what it depicts, and the name and address of each person who has possession, custody or control of the original or any reproduction thereof.

**RESPONSE: Please see produced documents.**

37. Treatises.

Please identify by author, title, edition, issue and page number each and every treatise, book, standard, periodical or other document which you contend supports the allegations made by you against the Defendants.

**RESPONSE: Please see expert disclosures.**

38. Pharmacy Records

Please identify each and every pharmacy that has filled any prescription for you in the previous ten years. If you are aware that any of the pharmacies you identify have gone out of business, have been purchases, or have changed names since your prescriptions were filled, please identify the new name of the pharmacy, and/or the present whereabouts of your pharmacy records, if known.

**RESPONSE:**
**Plaintiff objects to this request as overbroad. Plaintiff has been prescribed medication for blood pressure issues.**

39. Bankruptcy

Please state whether or not you have filed for bankruptcy within the past five (5) years. If so, please identify the date you filed your bankruptcy petition, the court in which it was filed, the name and address of the attorney representing you in the bankruptcy, whether or not the bankruptcy is still pending, and whether or not you disclosed this lawsuit in any filing with the bankruptcy court. See Byrd v. JRC Towne Lake Ltd., 225 Ga. App. 506, 484 S.E.2d 309 (1997).

**RESPONSE: None.**

40. Damages Witnesses

Excluding medical providers, please identify the ten (10) individuals you believe to possess the most information regarding the damages you allege in this case, including but not limited to those individuals who you believe have information regarding lifestyle changes, limitations of activities, limitations of work activities, and alterations of daily living you have experienced as a result of the alleged damages in this case. Please state the last known address and telephone number for each individual identified, as well as a statement summarizing what specific information each person is believed to possess relative to the issues referenced above.

**RESPONSE:**

**Jahvona Bagley, Baltimore, MD (410-262-9460)**

**Sharon Jones, Baltimore, MD (443-447-6436)**

**Lavelle Austin, 1908 Custer Ave, Atlanta, GA**

**Jermaine Moses, 221 Misty Ridge Trl., Stockbridge, GA 30281**

**Tamike Pott-Hopkins, McDonough, GA (404-496-1110)**

**Joshua Thompson, Columbia, MD (301-356-7242)**

41. Social Media.

Please state whether you now have, or dating as far back as the time of the medical care at issue in this case, whether you did have a Facebook, Twitter, Tumblr, Instagram, and/or other social media online account? If so, please provide the social media application and online identities/profile names. Please note that you are hereby requested to preserve any and all of the information contained on any of your accounts, as this information may be considered evidence in this case. Please note that you are hereby notified not to delete or otherwise alter any of the information contained on any of your accounts, or permit, encourage, or facilitate others to do so, as to do so may be considered spoliation for which Defendant may seek all remedies permitted by law.

**RESPONSE:**

**Instagram: Famous_Frenchies1058**

42. Communication in Jail.

List any person with whom you communicated while incarcerated in the Clayton County Jail, whether via email, phone, visitation (video or in person), or other method. For anyone who communicated via email, please provide their email address; by phone, please provide phone number, and via visitation, please provide the date of visit.

**RESPONSE:**

**Plaintiff objects to this request as overbroad. Plaintiff submits his response to request 35 and acknowledgement of his email correspondence with Lavelle Austin while he was confined in Clayton County Jail.**

43. Contact with Clayton County.

List any person who contacted the Georgia Department of Corrections, the Clayton County Sheriff's office, the Clayton police, the Clayton County Jail, or the Clayton County jail's medical unit regarding you, your medical condition, your incarceration, your sentence, or otherwise contacted them on your behalf during your incarceration, indicating as to each contact: the name of the person made the contact, whether the contact was by phone, email, or other means, the phone number/email of the person making the contact, the date of the contact, the person and/or department reached, the phone number/email address of the person and/or department contacted, and the content of any conversation had or information received.

**RESPONSE: Unknown.**

This 21st day of November, 2024.

/s/ *Zack Greenamyre*
Zack Greenamyre
Georgia Bar No. 293002

MITCHELL SHAPIRO GREENAMYRE & FUNT, LLP
881 Piedmont Ave NE
Atlanta, GA 30309
404-812-4751
404-812-4740 (fax)
zack@mitchellshapiro.com