# EXHIBIT

# 3

**IN THE UNITED STATES DISTRCIT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| RAHEEM PETERKIN., | ) | |
| | ) | |
|   Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION FILE NUMBER: |
| | ) | 1:24-cv-01945-ELR |
| VICTOR HILL, and | ) | |
| CORRECTHEALTH CLAYTON | ) | |
| LLC, | ) | |
| | ) | |
|   Defendants. | ) | |
| | ) | |

## DEFENDANT CORRECTHEALTH CLAYTON, LLC'S RESPONSE TO PLAINTIFF'S FIRST INTERROGATORIES

COMES NOW CorrectHealth Clayton, LLC, and hereby serves its Responses to Plaintiff's First Interrogatories as follows:

Defendant states the responses furnished below are based upon information that they and/or the Undersigned are aware of today to the best of their knowledge and recollection, and they expressly reserve the right to supplement these responses up through the trial of this case. Any omission of fact or discoverable evidence is the result of mere oversight, and, if any exists, it will be corrected as soon as it is realized by the Defendant and/or the Undersigned. This Defendant does not agree that Plaintiff's Requests shall be

continuing, nor does it agree it has any obligation to supplement its responses beyond the duty imposed by O.C.G.A. § 9-11-26(e).

Moreover, Defendant expressly object to any discovery Interrogatory to the extent it seeks:

1.     information and documents which were prepared in anticipation of litigation or for trial, and upon the further grounds that there has been no showing of substantial need of the materials in preparation of opposing parties' case and that they are unable without undue hardship to obtain the substantial equivalent of the materials by other means;

2.     to invade the attorney-client privilege;

3.     to obtain information and/or documents protected against disclosure by the peer review, medical review, patient safety work product or other applicable confidentiality statute under Georgia law, including but not limited to O.C.G.A. §§ 31.7-130 – 31-7-133 et seq. confidentiality laws pertaining to patient identifying information and HIPAA, 45 CFR 164.501, et. seq.; Patient Safety Quality Improvement Act of 2005. See 42 U.S.C. § 299b-22(a) and (b) et seq.; 42 C.F.R. § 3.204, 3.206 et seq.;

4.     to obtain information which constitutes private, confidential, proprietary and/or irrelevant business information;

5.     to obtain information which is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence at the trial of this case;

6.     a legal conclusion;

7.     to obtain information, which is overly broad, vague, non-specific, and/or unduly burdensome, oppressive and/or harassing in scope;

8.     to obtain information or documents which are a matter of public record, and therefore, as easily accessible to Plaintiff as to this Defendant;

9.     a response based upon speculation or conjecture; and

10.     to impose duties and responsibilities upon this Defendant and its counsel which far exceed the scope of permissible discovery by seeking to make this Defendant carry the Plaintiff's burden of proof by investigating the Plaintiff's allegations of wrongdoing and then seeking to make this Defendant disclose its work product, legal impressions and/or fruits of its investigation, or by providing information which is as easily accessible to Plaintiff as to this Defendant. The Interrogatories are answered subject to the foregoing objections, as well as the specific objections asserted below, and without waiving the same.

Subject to and without waiving the foregoing general objections, Defendant responds to Plaintiff's separately numbered Interrogatories as follows:

## INTERROGATORIES

### 1.

Identify (including full legal name, address, and telephone number) each person who provided information to you or otherwise assisted you in the preparation of your answers to these Interrogatories.

**RESPONSE:  Undersigned counsel with the assistance of Stacy Scott, Esq.**

### 2.

Identify (including full legal name, address, and telephone number) each person who was working in the Intake area of Clayton County Jail on December 8, 2019.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome.  Subject to these objections, and without waiving the same, Defendant identifies those providers listed in Mr. Peterkin's medical record from intake on December 8, 2019.**

### 3.

Identify (including full legal name, address, and telephone number) each person who was working for CorrectHealth Clayton, LLC on December 8, 2019.

**RESPONSE:  Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to these objections and without waiving the same, Defendant states it did not employ any providers working at the Clayton County Jail on  December 8, 2019.**

4.

Identify (including full legal name, address, and phone number) any person who was involved for placing Plaintiff in the restraint chair or monitoring him while he was restrained.

**RESPONSE:  Defendant objects to this Interrogatory on the grounds that discovery has just begun, and Defendant has not yet had the opportunity to fully investigate the allegations in the Complaint.  Subject to these objections and without waiving the same, Defendant states that the names of the officers who placed Mr. Peterkin in the restraint chair and monitored him are unknown at this time.**

5.

Please identify and describe in detail any communications between you and any officer or official of the Clayton County Sheriff's Office concerning the incident(s) described in the Complaint. In responding to this Interrogatory,

please provide the following: (a) the time and date of your communications; (b) the type of communication (i.e. in person, by telephone, via electronic mail, etc.); and (c) the substance of your conversation.

**RESPONSE:  Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Defendant further objects to this Interrogatory on the grounds that discovery has just begun, and Defendant has not yet had the opportunity to fully investigate the allegations in the Complaint.**

6.

Do you intend to rely upon your own financial limitations as a defense to Plaintiff's claim for punitive damages? If so, please state: (a) profit and loss statements from 2018 to present; (b) additional income information (other taxable income, untaxed income, etc.) including rental income and gift income since January 1, 2018; (c) amount of cash and banks where such amounts are held; (d) stocks owned; (e) trusts (revocable and non-revocable, and jointly held); and (f) salaries, bonuses, and total compensation paid to five highest paid persons.

**RESPONSE:   Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague and seeks information**

**that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendant objects to this Interrogatory on the grounds that discovery has just begun, and Defendant has not yet had the opportunity to fully investigate the allegations contained in the Complaint. Defendant further objects to this Interrogatory to the extent it seeks Information protected by the attorney work product doctrine and attorney client privilege.**

7.

Identify all policies of insurance, including but not limited to professional liability, general liability and umbrella insurance, which do or may provide coverage for claims asserts in Plaintiff's Complaint against you, and for each such policy please state:  (a) the named insured on each such policy;  (b) the policy number of each such policy;  (c) the name of each insurance company which issued a policy;  (d) the limits of liability and the types of coverages provided under each applicable liability policy; and  (e) whether any reservation of rights or denial of coverage has been made.

**RESPONSE:  Defendant refers Plaintiff to the insurance policy produced in response to Plaintiff's First Request for the Production of Documents.**

8.

Describe all steps you have taken to preserve both physical and electronic evidence of any evidence related to this lawsuit or Plaintiff's abuse, or to otherwise comply with your obligations under Fed. R. Civ. P. 37(e).

**RESPONSE: Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. If Plaintiff narrows their request, Defendant will consider responding accordingly.**

9.

Please identify every person who to your knowledge, information, or belief has investigated any aspect of the occurrence, which is the subject of this litigation, and indicate whether or not each has made a written record of the investigation or any part thereof.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that discovery has just begun, and Defendant has not yet had an opportunity to investigate the allegations contained in the Complaint. Defendant objects to this Interrogatory on the grounds that it is overly broad and unduly burdensome. Defendant objects to this Interrogatory to the extent it seeks information, and documents gathered in anticipation of**

**litigation and protected from disclosure by the work product doctrine, peer review/medical review privileges, and the attorney client privilege. Subject to these objections and without waiving the same, Defendant does not have any non-privileged responsive information.**

10.

Please identify all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody, or control of each item.

**RESPONSE:    Defendant is not aware of or in possession of any photographs, charts, diagrams, videotapes, or other illustrations responsive to this Interrogatory.  In further response, Defendant states there may be some videos available through the County or Sheriff's office.**

11.

Identify each and every social media account you have used in any way in since January 1, 2018, including your account name, screen name, handle, etc. and the name of the service. Social media accounts include, but are not limited to, Facebook, Instagram, Twitter, Snapchat, etc.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague and seeks private information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving the same, responsive information has been requested and Defendant will supplement its response to this Interrogatory on receipt of such information.**

12.

Please describe every civil case to which you have ever been a party. For each case, please describe the circumstances precipitating the case; your role in the case (plaintiff, defendant, etc.); all persons and entities involved; the timing of the case; the case number and case caption (including the jurisdiction where case the case was adjudicated); what payments were made and by whom to resolve any claims or satisfy any judgments; and the ultimate disposition or result. This request encompasses all civil and bankruptcy proceedings, and proceedings in both state and federal courts.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that it is overly broad with respect to scope and time, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to**

**lead to the discovery of admissible evidence. Further, such information is publicly available to Plaintiff.**

13.

Please describe every time any of your employees have ever served as a witness or provided testimony in a case related to their work for you, including deposition testimony. For each case, please describe the circumstance precipitating the case; all persons and entities involved; the timing of the case; the case number and case caption (including the jurisdiction where the case was adjudicated); and the subject and contents of your testimony.

**RESPONSE:  Defendant objects to this Interrogatory on the grounds that it is overly broad with respect to scope and time, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. If Plaintiff narrows this Interrogatory, Defendant will consider responding accordingly.**

14.

Please identify every cell phone number for any work phone issued to any CorrectHealth Clayton official working on December 8, 2019. For each number, please identify the corresponding provider.

**RESPONSE:   Defendant did not issue cell phones to its employees at the Clayton County Jail during the timeframe at issue.**

15.

In accordance with the requirements of Fed. R. Civ. P. 26(a)(2), and as set out below, please identify all persons whom you expect to call or may call as an expert witness at trial. This includes any persons from whom you may elicit standard of care or causation testimony at trial. With respect to each such person, please state: (a) the specific subject matter on which you expect such expert to testify; (b) the substance of the facts, opinions and conclusions to which you expect such expert to testify; (c) a summary of the factual grounds for each such opinion or conclusion; (d) each document or tangible thing which you have furnished to such expert to review or consider; (e) whether any such person has prepared or provided you with a written or recorded statement or report concerning their investigation and, if so, the names and addresses of all persons who have a copy of each such statement or report; (f) all reference texts, treatises, or books which you or your expert may rely upon for describing the standard of care for use of a restraint chair, and for each state whether it is a standard reference text in your field; (g) any online sources or reference materials that you or your expert may utilize or refer to related to restraint chairs.

**RESPONSE:  Defendant has not yet determined which experts, if any will be called at the trial of this case.  Defendant will supplement its response to this Interrogatory as discovery progresses.**

16.

Do you contend that some other person or legal entity is in whole or in part at fault for causing Plaintiff's injuries has alleged in this matter? If so, state the full name, address, and telephone number of such person or entity and describe in detail the basis of such contention and identify any documents evidencing, reflecting, or regarding your contention that these persons(s) or entities are at fault.

**RESPONSE:  Defendant objects to this Interrogatory on the grounds that discovery has just begun, and Defendant has not yet had the opportunity to fully investigate the allegations contained in the Complaint.  Subject to this objection and without waiving the same, Defendant does not contend other persons or legal entities were at fault for causing Plaintiff's injuries at this time.**

17.

Identify any contracts with the Clayton County Sheriff's Office or any other entity for your providing medical care at the Clayton County Jail.

**RESPONSE: Defendant refers Plaintiff to the Servicing Agreement produced in response to Plaintiff's First Request for the Production of Documents.**

18.

Please state the names, addresses, home telephone numbers places of employment, job titles or capacities, and present whereabouts of all persons having knowledge of documents, facts, or circumstances relevant to the allegations of the Complaint or to the defenses asserted in your Answer.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that it is overly broad, vague, and unduly burdensome. Subject to these objections and without waiving the same, Defendant refers Plaintiff to those providers listed in Mr. Peterkin's medical records from December 8, 2019. These providers can be contacted through undersigned counsel.**

19.

If you, or anyone acting on your behalf, or your insurer, or anyone acting on behalf of your insurer, have obtained from any person any statement (written, recorded, or oral) concerning any aspect of this case or its subject matter, please identify such statement by stating the name of the person giving the statement, the name of the person taking the statement, the date of the statement and the present custodian of the statement.

**RESPONSE: Defendant objects to this Interrogatory on the grounds to the extent it seeks information gathered in anticipation of litigation and protected from disclosure by the work product doctrine, the peer review/medical review privileges and the attorney client privilege. Subject to these objections and without waiving the same, Defendant has not taken any statements from persons who were not employed by CorrectHealth.**

20.

Identify your personnel or other personnel who interacted with Plaintiff upon his arrival at the jail and who interacted with Plaintiff at any time during the Incident.

**RESPONSE: Defendant refers Plaintiff to those providers listed in Mr. Peterkin's medical records.**

21.

Describe in detail all communications, verbal or written, between Plaintiff and Defendant, or any person employed by, affiliated with, or acting on behalf of Defendant that are not documented in any of the medical records. As to each such communication, state when and how (by email, telephone, or in person) it occurred, and identify each person who participated in or was present during the communication.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that it is overly broad, vague, unduly burdensome and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving the same, Defendant is not aware of any such communications outside of what is documented in the medical records.**

22.

Identify by giving the title, the name of the editors and or authors, and the edition, if applicable, of all reference texts, treatises, or books which you have which discuss or reference the use of a restraint chair in a custodial setting, and for each state whether it is a standard reference text in your field, and identify any online sources or reference materials that you utilize or refer to related to restraint chairs.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, vague and seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Subject to these objections and without waiving the same, Defendant refers Plaintiff to the Policies and Procedures produced in response to Plaintiff's First Request for the Production of Documents.**

**These are policies and procedures, standard reference texts in the correctional setting.**

23.

Has anyone changed, made late entries in, destroyed, replaced, or in any other manner altered, after the information was recorded, any record or document concerning Plaintiff? If so, identify the record, describe the changes made, set forth the circumstances surrounding any such and identify the person(s) who did same.

**RESPONSE:  Defendant refers Plaintiff to those entries made in the medical records. Defendant is not aware of any changes, late entries, destroyed, replaced or altered text at this time.**

24.

Please identify the Electronic Medical Records system used by you at the time that you interacted with Plaintiff.

**RESPONSE: CorEMR was used at the time of the events at issue in this case.**

25.

If you failed to provide information in response to any of the aforementioned Interrogatories on the basis of any privilege, please provide a summary of the information withheld, the allege privilege upon which the

information was withheld, the date the information was created, and the sender and recipient of the information.

**RESPONSE: Defendant objects to this Interrogatory on the grounds that it is overly broad, unduly burdensome, and vague. Subject to these objections and without waiving the same, Defendant is not currently withholding information pursuant to privilege other than those communications between undersigned counsel and its client, CorrectHealth.**

This the 18 th day of October 2024.

/s/ Chelsea N. Murphy
Thomas E. Lavender III
Georgia Bar No. 439389
Chelsea N. Murphy
Georgia Bar No. 919109
*Attorneys for CorrectHealth Defendants*

LAVENDER HOFFMAN EMERY, LLC
750 Hammond Drive
Building 2, Suite 200
Atlanta, GA 30328
(404) 400-4500 (phone and fax)
tlavender@lhefirm.com
cmurphy@lhefirm.com

## <u>CERTIFICATE OF SERVICE</u>

This will certify that the undersigned has this day served a true and correct copy of the foregoing upon all counsel of record via Statutory Electronic Mail as follows:

Samantha Jill Funt, Esq.
Zack Greenamyre, Esq.
Mitchell Shapiro Greenamyre &
Funt LLP
881 Piedmont Ave
Atlanta, GA 30309
sam@mitchellshapiro.com
zack@mitchellshapiro.com

*Attorneys for Plaintiff*

Karen Eleice Woodward, Esq.
Cruser, Mitchell, Novitz, Sanchez,
Gaston & Zimet, LLP
275 Scientific Dr.
Suite 2000
Peachtree Corners, GA 30092
kwoodward@cmlawfirm.com

*Attorney for Defendant Victor Hill*

This the 18 day of October 2024.

*/s/ Chelsea N. Murphy*
Thomas E. Lavender III
Georgia Bar No. 439389
Chelsea N. Murphy
Georgia Bar No. 919109
*Attorney(s) for Defendant*

LAVENDER HOFFMAN EMERY, LLC
750 Hammond Drive
Building 2, Suite 200
Atlanta, GA 30328
(404) 400-4500 (phone and fax)
tlavender@lhefirm.com
cmurphy@lhefirm.com